UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 21-10303-RGS

EDWARD F. GRODEN

v.

NASDI, LLC

MEMORANDUM AND ORDER ON
CROSS-MOTIONS FOR SUMMARY JUDGMENT

December 11, 2023

STEARNS, D.J.

Plaintiff Edward F. Groden brings this action against defendant NASDI, LLC (NASDI) on behalf of the New England Teamsters and Trucking Industry Pension Fund (Pension Fund), seeking to recover unpaid contributions (Count I) and withdrawal liability (Count II). Before the court are the parties' cross-motions for summary judgment as to withdrawal liability.[1] For the following reasons, the court will allow plaintiff's motion and deny defendant's motion.

---

[1] NASDI does not dispute that plaintiff is entitled to judgment as a matter of law on its claim for unpaid contributions. Def.'s Mem. in Resp. to Pl.'s Mot. for Summ. J. (Def.'s Opp'n) [Dkt #43] at 1. The court accordingly grants this portion of plaintiff's motion without further analysis.

## BACKGROUND

The material facts are not in dispute. *See* Def.'s Resp. to Pl.'s Statement of Facts [Dkt # 44] ¶¶ 1-23. NASDI commenced participation in the Pension Fund, a multiemployer plan within the scope of the Employment Retirement Income Security Act (ERISA), in 1983. Although NASDI paid contributions for several decades, it stopped making contributions after June of 2020. Three months later, in September of 2020, it laid off all its workers.

The Pension Fund determined that NASDI effected a "complete withdrawal" within the scope of 29 U.S.C. § 1381(a) and, by letter dated October 28, 2020, demanded that NASDI pay withdrawal liability of $2,610,240. NASDI received the demand letter on November 16, 2020. At the time, an automatic stay was in effect due to an involuntary bankruptcy petition filed by creditors of NASDI on November 5, 2020. The bankruptcy court subsequently converted the petition into a Chapter 11 petition and, in 2022, dismissed it, lifting the stay.

NASDI did not submit a request for arbitration of any dispute concerning the Pension Fund's demand for withdrawal liability (whether in the wake of its initial delivery or after the stay was lifted). It has, to date, not paid any of the withdrawal liability assessed by the Pension Fund.

## DISCUSSION

Summary judgment is appropriate when, based upon the pleadings, affidavits, and depositions, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Here, the parties agree as to the material facts; they dispute only the legal import of those facts. Questions of law, such as the court faces here, are "appropriate for resolution by summary judgment." *Fernandes v. AGAR Supply Co.*, 687 F.3d 39, 42 (1st Cir. 2012), quoting *Afarian v. Massachusetts Elec. Co.*, 449 Mass. 257, 261 (2007); *see also Cummings Props., LLC v. Pub. Serv. Ins. Co.*, 343 F. Supp. 3d 1, 3 (D. Mass. 2018).

Under 29 U.S.C. § 1381(a), "[i]f an employer withdraws from a multiemployer plan in a complete withdrawal . . . then the employer is liable to the plan in the amount determined under this part to be the withdrawal liability." A "complete withdrawal" generally occurs when an employer "permanently ceases to have an obligation to contribute under the plan" or "permanently ceases all covered operations under the plan." *Id.* § 1383(a). In the building and construction industry, however, Congress has "designed special rules" for determining whether a complete withdrawal has occurred because "work often fluctuates and is done on a project-by-project basis." *Laborers Pension Tr. Fund-Detroit & Vicinity v. Gemelli Concrete LLC*,

3

2023 WL 6280256, at *3 (E.D. Mich. Sept. 26, 2023), quoting *Sofco Erectors, Inc. v. Trs. of Ohio Operating Eng'rs Pension Fund*, 15 F.4th 407, 416 (6th Cir. 2021). An employer in the building and construction industry only effects a "complete withdrawal" if it (1) ceases to have an obligation to contribute under the plan, and (2) either continues to perform or resumes within 5 years the type of work for which contributions were previously required. 29 U.S.C. § 1383(b)(2).

The Pension Fund determined that NASDI had completely withdrawn from the plan under § 1381(a) and, in the fall of 2020, assessed withdrawal liability in the amount of $2,610,240. NASDI did not initiate arbitration to challenge the Pension Fund's determination that it owed withdrawal liability.[2] It now contends, however, that it is exempt from withdrawal liability pursuant to § 1383(b). The problem is this: NASDI has waived its § 1383(b) argument.

Under ERISA, as amended by the Multiemployer Pension Plan Amendments Act (MPPAA), "[a]ny dispute between an employer and the

---

[2] No more is needed on plaintiff's part to establish liability. *See Gesualdi v. Town Holding Corp.*, 2019 WL 5693803, at *5 (E.D.N.Y. Aug. 15, 2019) ("[N]o supporting documentation is required to support a finding of withdrawal liability if the defendant fails to initiate arbitration."), quoting *Trs. of the Local 813 Pension Trust Fund v. Frank Miceli Jr. Contracting, Inc.*, 2016 WL 5879612, at *2 (E.D.N.Y. Mar. 9, 2016).

4

plan sponsor of a multiemployer plan concerning a" withdrawal liability determination *"shall be* resolved through arbitration." 29 U.S.C. § 1401(a)(1) (emphasis added). "If no arbitration proceeding has been initiated pursuant to subsection (a), the amounts demanded by the plan sponsor . . . *shall be* due and owing on the schedule set forth by the plan sponsor." *Id.* § 1401(b)(1) (emphasis added). The statutory text leaves no room for ambiguity. By failing to raise the applicability of the exemption in § 1383(b) in an arbitration proceeding, NASDI has waived "any objection to the withdrawal liability assessed by the plan." *Bd. of Trs. of Constr. Indus. & Laborers Joint Pension Tr. for S. Nevada v. Recreation Dev. Co.*, LLC, 2023 WL 2226848, at *4 (D. Nev. Feb. 24, 2023).

Seeking to avoid the inevitable, NASDI argues that it "had no obligation to request arbitration," either because "the exemption exists as a matter of right" or because the Pension Fund failed to affirmatively "mak[e] any determinations which might have disqualified NASDI from the exemption." Def.'s Opp'n at 3-4; Def.'s Mem. in Supp. Mot. for Summ. J. [Dkt # 30] at 5. But it offers no legal support for the proposition that, despite disputes concerning § 1383(b) seemingly being encompassed within the plain text of the provision, the applicability of the exemption somehow falls outside the scope of § 1401(a)'s mandate. Nor can it. Every court to face the

5

issue has reached a contrary conclusion. *See, e.g.*, *Recreation Dev. Co., LLC*, 2023 WL 2226848, at *5 (rejecting the argument that the employer did not need to arbitrate whether it met the building and construction industry exception); *Trs. of Laborers' Local 310 Pension Fund v. Able Cont. Grp., Inc.*, 2007 WL 2238361, at *7 (N.D. Ohio Aug. 1, 2007) ("Indeed, § 1383 falls squarely within the range of sections for which any disputes must be resolved through arbitration."); *cf. Dycom Indus., Inc. v. Pension, Hospitalization & Benefit Plan of Elec. Indus.*, 2023 WL 2625811, at *1 (S.D.N.Y. Mar. 24, 2023) (submitting the issue to arbitration). The court sees no reason to depart from such authority here.

NASDI alternatively argues that, because an automatic stay was in effect at the time it was delivered, the October 28, 2020 demand letter "should be considered void." Def.'s Opp'n at 4. The court is not convinced that service of a demand letter for withdrawal liability violates the automatic stay.[3] *See Cent. States, Se. & Sw. Areas Pension Fund v. Basic Am. Indus., Inc.*, 252 F.3d 911, 918 (7th Cir. 2001) ("[A]lthough 'demanding' payment from a debtor in bankruptcy other than in the bankruptcy proceeding itself

---

[3] NASDI focuses solely on the October 28, 2020 letter. It does not suggest that, if the letter validly gave notice, the Pension Fund's notice of default in May of 2021 or subsequent filing of this lawsuit violated the bankruptcy stay and thus should be considered void.

is normally a violation of the automatic stay, the demand for payment of withdrawal liability is probably an exception to this principle."); *I.A.M. Nat'l Pension Fund v. TMR Realty Co.*, 431 F. Supp. 2d 1, 20 (D.D.C. 2006) (concluding that "the automatic stay obtained by" the employer "had no impact on the notices provided to" it under ERISA). But even assuming it does, NASDI's argument is without legal merit. It fails to cite even a single case indicating that the effect of any violation would be to render notice void and not, as other courts have suggested, merely equitably tolled until the stay was lifted. *See Cent. States, Se. & Sw. Areas Pension Fund v. Slotky*, 956 F.2d 1369, 1376 (7th Cir. 1992) (noting that, even if an ERISA demand letter violated a bankruptcy stay, the consequence would be that "that the pension plan could not proceed against [the employer] unless the bankruptcy judge lifted the stay").

## ORDER

For the foregoing reasons, plaintiff's motion for summary judgment is ALLOWED and defendant's motion for summary judgment is DENIED. The Clerk shall enter judgment against NASDI on all claims and close the case.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE